IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL TERRELL, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 03-BE-1194-E |
| ] | |
| WARDEN MARTHA JORDAN, ] | |
| ] | |
| Respondent. ] | |

**ENTERED**
MAR 2 4 2004

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241. The petitioner, Emmanuel Terrell, is a federal prisoner currently incarcerated at the Federal Correctional Institution at Talladega, Alabama. Terrell was convicted in the United States District Court for the Northern District of Georgia of armed bank robbery and use of a firearm during a crime of violence. He was sentenced on December 9, 1993. The Eleventh Circuit Court of Appeals affirmed Terrell's conviction and sentence on April 24, 1995. *United States v. Terrell*, 53 F.3d 1285 (11th Cir. 1995) (table).

Terrell filed this action on May 21, 2003, pursuant to 28 U.S.C. § 2241. In support of his petition, he claims that he "is 'actually innocent' of the 'career criminal enhancement' applied to his sentence as the two qualifying prior convictions relied upon meets [sic] the 'related sentencing consolidation standard' established by the Supreme Court in the case of *Buford v. United States*, 532 U.S. 59 (2001)."



In response to the court's order to show cause, the respondent has filed a partial response and motion to dismiss in which it asserts that the petition is due to be dismissed because it should have been filed as a § 2255 petition in the district of Terrell's conviction or is due to be transferred to the United States District Court for the Northern District of Georgia. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal. The order further allowed the petitioner an opportunity to file affidavits or other material in opposition to the motion and advised him of the consequences of default. In response, the petitioner has filed a response, accompanied by an affidavit and numerous exhibits.

In this action, the petitioner is clearly attacking the conviction and sentence imposed by the United States District Court for the Northern District of Georgia. "A motion to vacate sentence pursuant to 28 U.S.C. § 2255 provides the primary method of collateral attack on a federally imposed sentence." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)(*citing Walker v. United States*, 429 F.2d 1301 (5th Cir. 1970)). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is not a substitute for a motion brought pursuant to § 2255. Rather, a petitioner may attack his custody resulting from a federal sentence in a petition brought pursuant to § 2241 only if he establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *McGhee*, 604 F.2d at 10 (*citing Wood v. Blackwell*, 402 F.2d 62, 63 (5th Cir. 1968), *cert. denied*, 393 U.S. 1060 (1969)). "It is well established that a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee*, 604 F.2d at 10 (*citing Walker v. United States*, 429

F.2d 1301, 1303 (5th Cir. 1970) and *Accardi v. Blackwell*, 412 F.2d 911, 914 (5th Cir. 1969)). The petitioner bears the burden of providing the court with evidence "affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Id.* (*citing Accardi*, 412 F.2d at 914).

In his motion, Terrell states that he has not filed a motion pursuant to § 2255. He may not file his action here pursuant to § 2255 because he was not convicted in this court. The action may only be filed pursuant to § 2241, if Terrell is able to establish that his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention. Terrell asserts that a § 2255 motion is inadequate or ineffective to test the legality of his conviction because:

> (a) [He] did not receive the records identifying his related consolidated sentencing claim from Fulton County, Georgia until the year of 2000; and (b) the Supreme Court did not decide the *Buford* [*v. United States*, 532 U.S. 59 (2001)] case supporting [his] claim of actual innocence of career offender, whenever sentences have been consolidated during sentencing, until March 2001.

Terrell has not met his burden of proving the inadequacy or ineffectiveness of his remedy by way of § 2255.

The law is clear that § 2255 is not inadequate or ineffective merely because a petitioner could have used it to assert his challenge but may no longer avail himself of it. Relief under § 2255 cannot be considered inadequate or ineffective if the prisoner's claim could have been included in a properly filed § 2255 motion. The fact that it may now be too late to file a § 2255 motion does not render § 2255 inadequate or ineffective. Section 2255 is inadequate or ineffective, making relief under § 2241 available, only if :

(1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision established that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal or first § 2255 motion.

*Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003)(*citing Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Terrell contends that the Supreme Court's decision in *Buford v. United States*, 532 U.S. 59 (2001) supports a claim that he is actually innocent of career offender status. However, in order to meet the second prong of the savings clause, Terrell must establish that he was convicted for an offense that no longer exists. The fact that he may now be actually innocent of being a career offender is not sufficient to meet the second prong of the savings clause. Because he has not met the three requirements of the savings clause, the petition brought pursuant to § 2241 is due to be dismissed [1]

An appropriate order will be entered.
DONE this 19th day of March, 2004.

_____
KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1] The court makes no finding as to whether Terrell can meet the other two prongs of the savings clause or whether under *Buford v. United States*, 532 U.S. 59 (2001), he is actually innocent of career offender status.